(C.D. 4107)

Wayne Withrow
Tubular Structures Corp. of America    v. United States

United States Customs Court, Second Division

(Decided on rehearing [C.D. 3693] October 26, 1970)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiffs.
*William D. Ruckelshaus*, Assistant Attorney General (*Mollie Strum*, trial attorney), for the defendant.

Before Rao, Ford, and Watson, Judges

Watson, Judge: This protest is before the court after a rehearing. The original decision is reported in *Wayne Withrow, Tubular Structures Corp. of America v. United States*, 62 Cust. Ct. 116, C.D. 3693, 295 F. Supp. 295 (1969).

The importation consists of a Weitz power crane which was imported together with three electric motors. The importation was classified as an entirety, as an article having as an essential feature an electrical element or device pursuant to paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739.

Plaintiffs claim that the importation is not properly classifiable as an entirety and contend that the crane is classifiable as a machine not specially provided for pursuant to paragraph 372 of said act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, and that the electric motors are classifiable as electric motors of more than 1/10 horsepower but less than 200 horsepower pursuant to paragraph 353 of said act, as modified by T.D. 54108, *supra*.

In its original decision, the court held that plaintiffs had failed to overcome the presumption that the importation was an entirety, primarily because they had failed to prove that the imported crane

could be operated, without substantial modification, by motive power other than electricity and that the electric motors involved herein were standard or multipurpose motors not designed for use exclusively with the imported crane. At the rehearing, plaintiffs introduced evidence to the effect that the detachment of the imported motors from the crane can be accomplished with ease and a minimal expenditure of time and money and that the crane can be operated by motive power other than electricity. The testimony further establishes that the motors are easily adaptable for general purposes. Such adaption would involve only the employment of a drive belt or gear to connect said motors to whatever application would be desirable.

Upon consideration of the testimony adduced at the rehearing and review of the original testimony, we are led to revise certain opinions expressed in the first decision herein. It is our view that certain overhead switches operated by electric motors and which are vestigial when the crane is operated by other motive power are not essential parts of the crane and the crane can be operated in a normal manner without them. Accordingly, we retract the statement in the prior opinion which concluded that since said switches were essential parts of the crane the motors which operated them were also essential elements of the crane.

We now consider that plaintiffs have successfully proven that the imported crane can be operated by motive power other than electricity and that the imported electrical motors are general purpose motors. Plaintiffs' proof is in conformity with the standard set forth in the leading cases on this subject. *Gene Miller, Atwood Imports, Inc.* v. *United States*, 59 Cust. Ct. 212, C.D. 3125 (1967) ; *Castelazo & Associates, Atwood Imports, Inc.* v. *United States*, 59 Cust. Ct. 586, C.D. 3237 (1967).

On the basis of the record herein, we conclude that the crane is properly classifiable as a machine not specially provided for pursuant to paragraph 372 of the Tariff Act of 1930, as modified, and the electric motors are classifiable as electric motors of more than $\frac{1}{10}$ horsepower but less than 200 horsepower, pursuant to paragraph 353 of said act, as modified.

Since the appraisement of this importation was made as an entirety and no separate value was found for the crane and the motors, the appraisement herein was invalid and the liquidation improper. In the absence of a legal liquidation, the protest is premature. Consequently, we dismiss this protest and, in accordance with the provisions of 28 U.S.C., section 2636(d), remand this matter to a single judge for the determination of the proper dutiable value of the crane and the electric motors.